# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIM LEE MILLBROOK, | Civil No. 3:15-cv-0925 |
| Plaintiff | (Judge Mariani) |
| v. | |
| WARDEN EBBERT, et al., | |
| Defendants | |

## MEMORANDUM

## I. Background

Plaintiff, an inmate formerly confined in the United States Penitentiary, Lewisburg ("USP-Lewisburg"), Pennsylvania, filed the above captioned "Motion for an Emergency Preliminary and Permanent Injunction." (Doc. 1, motion). He requests the Court order the Defendants to move him from USP Lewisburg to a "safer environment"; order USP-Lewisburg staff to stop harassing him and filing false incident reports; stop denying him medical care and access to the courts; stop destroying his personal and legal materials; and stop spraying him with pepper spray. (Doc. 2, Memorandum of Law). In support of his motion, Plaintiff alleges that his life is in imminent danger at all times in USP Lewisburg from gang affiliated inmates; that he was sexually assaulted in 2010 and 2011; in March 2013 he was placed in ambulatory restraints which caused tendinitis and arthritis; and was threatened and verbally harassed in March and April 2015. *Id.* Because Plaintiff has been

transferred from USP-Lewisburg to the United States Penitentiary, Florence ("USP-Florence"), Colorado, (see Doc. 27), his motion for injunctive relief will be dismissed as moot.

II. **Discussion**

The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir.1996). In this case, Millbrook's notice to the Court that he has been transferred from USP-Lewisburg to USP-Florence[1] (see Doc. 27), raises a threshold, and insurmountable, obstacle to his motion for injunctive relief relating to conditions at a prison where he is no longer incarcerated. In this setting, the United States Court of Appeals for the Third Circuit has observed that, when addressing inmate requests for injunctive relief:

> As a preliminary matter, we must determine whether the inmates' claims are moot because "a federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (quotations omitted); *see also Abdul–Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir.1993). An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims. *Abdul–Akbar*, 4 F.3d at 197 (former inmate's claim that the prison library's legal resources were constitutionally inadequate was

---

[1] A September 12, 2018 search of the Federal Bureau of Prisons' inmate locator confirmed that Plaintiff currently remains housed at USP-Florence. *see* https://www.bop.gov/inmateloc/.

moot because plaintiff was released five months before trial).

*Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir.2003). *See Griffin v. Beard*, No. 094404, 2010 WL 4642961 (3d Cir. Nov. 17, 2010)(transfer from SCI-Huntingdon renders inmate injunctive relief claim moot). Indeed, as this court has previously observed, in a case such as this, where an inmate seeks injunctive relief against his jailers but is no longer housed at the prison where these injunctive claims arose:

> [H]is request[ ] to enjoin the defendants from interfering with his [rights] is academic. *See Muslim v. Frame*, 854 F.Supp. 1215, 1222 (E.D. Pa.1994). In other words, [the prisoner-plaintiff's] transfer to another institution moots any claims for injunctive or declaratory relief. See Abdul–Akbar v. Watson, 4 F.3d 195, 206–07 (3rd Cir.1993); *Weaver v. Wilcox*, 650 F.2d 22, 27 (3rd Cir.1981).

*Fortes v. Harding*, 19 F.Supp.2d 323, 326 (M.D. Pa.1998).

These principles control here, and compel dismissal of this motion for injunctive relief as moot since the Plaintiff is no longer housed at this prison, and has received the only relief requested. Thus, Plaintiff's motion for preliminary injunction will be dismissed.

A separate Order shall issue.

Date: September 13, 2018

Robert D. Mariani
United States District Judge